IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

ALVIN WESLEY KING                                                      PLAINTIFF

v.                      Civil No. 1:25-CV-01032-SOH-MEF

INVESTIGATOR/DEPUTY MICHAEL
VORHEASE, Ashley County Sheriff's Office
(ACSO); INVESTIGATOR JOSH POLLACK,
Ashley County Sheriff's Office (ACSO); TAD
HUNTSMAN, Ashley County Sheriff's Office
(ACSO); SHERIFF TOMMY STURGEON,
Ashely County, Arkansas; PUBLIC
DEFENDER JOSEPH P. MAZZANTI, III;
JUDGE ROBERT B. GIBSON, III, Circuit
Judge, Ashley County, 10th Judicial District
Division; TIM GRIFFIN, Arkansas Attorney
General; PROSECUTING ATTORNEY
SANDRA BRADSHAW; VICKIE STELL,
Ashely County Circuit Court Clerk; JAIL
ADMINISTRATOR JOHNNY GUY, Ashley
County Detention Center                                       DEFENDANTS

## **REPORT AND RECOMMENDATION OF A MAGISTRATE JUDGE**

Plaintiff, Alvin Wesley King, an inmate at the Ashley County Detention Center ("ACDC"), has filed the above-captioned civil rights action pursuant to 42 U.S.C. § 1983, generally contending that the events giving rise to his state criminal charges and his state criminal court proceedings violated his constitutional rights. (ECF No. 1). United States Magistrate Judge Barry A. Bryant previously granted Plaintiff's request to proceed *in forma pauperis* ("IFP"). (ECF No. 8). This case was directly assigned to the undersigned Magistrate Judge pursuant to General Order 2024-02, but not all parties to the action have consented to the jurisdiction of the undersigned. *See* 28 U.S.C. § 636(c). Accordingly, for the purpose of preservice review pursuant to 28 U.S.C. § 1915A(a), the case will automatically be reassigned to United States District Court Chief Judge Susan O. Hickey and referred to the undersigned for a report and recommendation pursuant

to the provisions of 28 U.S.C. §§ 636(b)(1) and (3). Upon that review, the undersigned recommends that this matter be dismissed, in part, for failure to state a plausible claim for relief. *See* 28 U.S.C. § 1915A(b)(1).

## I.     BACKGROUND

Plaintiff's 43-page Complaint identifies 10 defendants and asserts six claims for relief.

First, on September 7, 2024, Plaintiff, who is White, says he was walking down the street in Crossett, Arkansas, with a friend, who is Black, in a predominately Black neighborhood. At the time, Plaintiff was on parole and had signed a valid search waiver. Plaintiff's friend was also a convicted felon, on felony parole, and had signed a valid search waiver. Even though both persons had signed valid search waivers, Ashley County Sheriff's Deputy Michael Vorhease, walked up to Plaintiff, called him by name, searched him and then later arrested him for possession of a controlled substance in violation of Ark. Code Ann. § 5-64-419(b)(1)(A) and possession of drug paraphernalia in violation of Ark. Code Ann. § 5-64-443(a)(2). *See State v. Alvin Wes King*, Case No. 02CR-24-154 (Ark. Cir. Crt.) (https://caseinfo.arcourts.gov/opad/case/02CR-24-154) (last visited May 15, 2025). Later, Plaintiff pleaded guilty to both charges and was sentenced to a term of imprisonment of 120 months. *Id*. Deputy Vorhease did not also search Plaintiff's friend even though Deputy Vorhease was aware that he, too, had signed a valid search waiver. When Plaintiff reported the purportedly unequal treatment to the Arkansas Attorney General's Office, he was told that the Attorney General's Office could not provide him with any legal advice even though the Attorney General's Office manages a "racial profiling" hotline. Plaintiff claims that Deputy Vorhease engaged in unlawful racial profiling when he stopped and searched him—and not his friend—on September 7, 2024. He also claims that Arkansas Attorney General Tim Griffin failed

2

to properly respond to the racial profiling complaint he filed with the Arkansas Attorney General's Office. He sues the defendants in their official and individual capacities.

Second, Plaintiff says that on December 18, 2024, Defendants Vorhease, Tad Huntsman, and Josh Pollack searched his former employer's property, "burglarized" one of his trucks, and seized his "22 magnum small caliber small game hunting rifle." Plaintiff says he was subsequently charged with unlawful possession of this firearm in violation of Ark. Code Ann. § 5-73-103. *See State v. Alvin Wes King*, Case No. 02CR-24-205 (Ark. Cir. Crt.) (https://caseinfo.arcourts.gov/opad/case/02CR-24-205) (last visited May 15, 2025). Later, Plaintiff was sentenced to a term of incarceration of 120 months. Plaintiff says that the search was unlawful, and that his former employer signed an affidavit saying that it was his gun and that he did not give law enforcement permission to search his property. Plaintiff claims that the Ashley County Sheriff's Department is known for conducting unreasonable, warrantless searches, and that Ashley County Sheriff Tommy Sturgeons is aware of this conduct. Plaintiff identifies Deputy Vorhease, Deputy Huntsman, and Deputy Pollack as defendants in their individual and official capacities.

Third, when he was arrested on December 18, 2024, Plaintiff alleges that Defendant Pollack told him that he "should have shot [his] sorry ass," and this frightened and intimidated him. Plaintiff also says that when he was in court on March 3, 2024, Judge Robert B. Gibson, III, ordered him removed from the courtroom and continued the hearing in his absence, and he also told him that he would be subjected to "electric shock or made to sit outside the courtroom in a holding cell" at his next court date. Plaintiff identifies Deputy Pollack and Judge Gibson in their individual and official capacities.

Fourth, Plaintiff says that at his "plea-arraignment hearing" on February 3, 2025, Judge Gibson failed to adequately inform him of the nature of the charges against him. As the Court understands it, Plaintiff also claims that Judge Gibson unlawfully combined an "omnibus" and "pretrial" hearing, improperly accelerated his criminal proceedings, and incorrectly calculated his "speedy trial" dates, demonstrating his bias against him. With respect to this claim, Plaintiff identifies Judge Gibson, Joseph P. Mazzanti, III, the public defender appointed to represent him, and Sandra Bradshaw, the prosecutor, as defendants in their individual and official capacities.

Fifth, Plaintiff challenges the basis of his confinement, asserting that he has been falsely imprisoned because his search and seizure on September 7, 2024, was unlawful, and the December 18, 2024, search of his former employer's property was also unlawful. He identifies Ashley County Sheriff Tommy Sturgeons, Deputy Huntsman, Deputy Vorhease, Deputy Pollack, Sandra Bradshaw, and Judge Gibson as defendants in their official and individual capacities.

Finally, Plaintiff says that he submitted his own documents to be filed into his state criminal cases, but those documents, except for his discovery motion, were returned to him along with an administrative order explaining that they did not satisfy certain technical requirements. As the Court understands it, Plaintiff says that he sent the documents back, but the Clerk of Court, Defendant Vicki Stell, has not provided him with filed copies of his motions per his request. Plaintiff says that he cannot prepare his own defense without them. Plaintiff also claims that Defendant Guy, the Ashley County Jail Administrator, will not allow his employees to make copies of his legal documents. Plaintiff identifies Vickie Stell and Johnny Guy as defendant in their individual capacities. He asserts a violation of his due process rights.

## II. LEGAL STANDARD

Under PLRA, the Court must review a case initiated by a prisoner prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A pro se complaint, moreover, is to be given liberal construction, meaning "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004). Even so, "they still must allege sufficient facts to support the claims advanced." *Id.* at 914 (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)).

## III. DISCUSSION

Plaintiff asserts several causes of action under 42 U.S.C. § 1983. "In any § 1983 action the initial inquiry must focus on whether the two essential elements to a § 1983 action are present: (1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." *DuBose v. Kelly*, 187 F.3d 999, 1002 (8th Cir. 1999) (quoting *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986)). The Court now considers whether Plaintiff has established a plausible § 1983 claim with respect to each of his claims.

### A. The Search on September 7, 2024 (Claim One)

As a threshold matter, as noted above, publicly accessible state court records show that Plaintiff pleaded guilty to the criminal charges that arose from the search of his person on September 7, 2024, and he was subsequently sentenced to a term of imprisonment of 120 months. *See King*, Case No. 02CR-24-154. Claim One, therefore, implicates the favorable termination rule articulated in *Heck v. Humphrey*, 512 U.S. 477 (1994).

In *Heck*, the Supreme Court held that:

> [i]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

*Id.* at 486-87. But the Supreme Court also noted that some § 1983 actions, "even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against a plaintiff and should be allowed to proceed," specifically explaining that "a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction." *Moore v. Sims*, 200 F.3d 1170, 1172 (8th Cir. 2000) (per curiam) (quoting *Heck*, 512 U.S. at 487 n.7).

In this case, Plaintiff's Claim One falls into this latter category. Even if Plaintiff demonstrates that his initial seizure and search were unlawful, such a result does not necessarily imply the invalidity of his convictions considering doctrines such as independent source, inevitable discovery, and harmless error. Accordingly, for the limited purpose of preservice review pursuant

6

to 28 U.S.C. § 1915A(a), it is recommended that Plaintiff's individual capacity claim against Defendant Vorhease regarding the stop and search of his person on September 7, 2024, proceed.

Plaintiff, however, also names Defendant Vorhease as a defendant in his official capacity. "A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent." *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). Plaintiff alleges that Defendant Vorhease is an investigator in the Ashley County Sheriff's Office. Accordingly, an official capacity claim against Defendant Vorhease is the same as a claim against Ashley County itself. "[T]o establish the liability of an official acting in his official capacity, the plaintiff must prove that 'a policy or custom [] caused the alleged violation.'" *Id.* at 986 (quoting *Rogers v. City of Little Rock*, 152 F.3d 790, 800 (8th Cir. 1998)). Here, Plaintiff asserts no such facts. With respect to Claim One, therefore, Plaintiff's official capacity claim against Defendant Vorhease should be dismissed.

Plaintiff also identifies Tim Griffin, the Arkansas Attorney General, as a defendant in his official and individual capacity as to Claim One. Plaintiff has failed, however, to establish any facts showing that Attorney General Griffin violated his constitutional rights. Attorney General Griffin was not personally involved in the stop and search of Plaintiff's person on September 7, 2024, nor does Plaintiff allege that he was personally involved in the prosecution of his state criminal cases. *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) ("Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights.") (quoting *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)). To the extent that Plaintiff seeks to attach liability to Attorney General Griffin because his office did not investigate or pursue his racial profiling complaint in violation of the office's *own* policies and procedures, a violation in policy does not, by itself, establish a constitutional violation. *See Moore v. Rowley*, 126 Fed.

7

App'x 759, 760 (8th Cir. 2005) (per curiam). Plaintiff's claim against Attorney General Griffin should therefore be dismissed.

### B. The Search on December 18, 2024 (Claim Two)

Regarding Claim Two, Plaintiff asserts that on December 18, 2024, Defendants Michael Vorhease, Tad Huntsman, and Josh Pollock conducted a warrantless search of his former employer's property without his former employer's consent. As noted above, Plaintiff was charged and convicted of possession of a firearm following this search. For the limited purposes of preservice review pursuant to 28 U.S.C. § 1915A(a), it is recommended that this claim against Defendants Vorhease, Huntsman, and Pollock in their individual capacities proceed.

Here, again, Plaintiff also identifies the defendants in their official capacities. In support of this claim, Plaintiff asserts that "[t]his sort of warrantless activity that the State can't prove to be reasonable is notoriously and frequently exercised by Ashely County Sheriff's Office deputies and investigators and their boss, Ashley County Sheriff Tommy Sturgeons, is aware of it and allows it." (ECF No. 1, p. 14). In the light of such allegations, and for the limited purpose of preservice review, it is recommended that Plaintiff's official capacity claims also proceed.

### C. Intimidation (Claim Three)

As to Claim Three, Plaintiff has failed to assert a constitutional violation. Moreover, Judge Gibson is entitled to absolute immunity.

Turning first to Plaintiff's claim against Defendant Pollack, Plaintiff asserts that this defendant told him that "he should have shot [his] sorry ass," thus frightening him, intimidating him, and belittling him. It is well established, however, that "verbal threats and name calling usually are not actionable under § 1983." *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (citing *Martin v. Sargent*, 780 F.2d 1334, 1338, 1339 (8th Cir. 1985)). Indeed, "mere threatening

8

language and gestures of a state actor do not, even if true, amount to constitutional violations." *Hopson v. Fredericksen*, 961 F.2d 1374, 1378 (8th Cir. 1992) (internal citation and quotation omitted). The courts have recognized an exception to this general rule when the alleged conduct describes "a wanton act of cruelty which, if it occurred, was brutal," concluding that "a prisoner retains at least the right to be free from the terror of instant and unexpected death at the whim of his allegedly bigoted custodians." *Id.* (quoting *Burton v. Livingston*, 791 F.2d 97, 100 (8th Cir. 1986)). Here, there are no facts suggesting that Defendant Powell brandished a gun or that he made some physical gesture towards Plaintiff when he allegedly made this comment. Plaintiff, therefore, has failed to assert a plausible claim that Defendant Powell's comments violated his constitutional rights. This claim should, therefore, be dismissed.

The comments Judge Gibson purportedly made during Plaintiff's criminal proceedings likely do not amount to a constitutional violation either. As alleged, Judge Gibson's purported threats did not involve fear of "instant and unexpected death" and thus do not rise to the level of a "brutal" and "wanton act of cruelty" necessary to establish a constitutional violation. That said, the claims against Judge Gibson fail for a far more basic reason: the judge is entitled to absolute immunity.

Judicial immunity "is grounded in a general principle of the highest importance, that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself." *Hamilton v. City of Hayti, Mo.*, 948 F.3d 921, 925 (8th Cir. 2020) (quoting *Mireles v. Waco*, 502 U.S. 9, 10 (1991)) (cleaned up). There are only two, limited exceptions to judicial immunity. *Id.* "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the

9

complete absence of all jurisdiction." *Id*. (quoting *Mireles*, 502 U.S. at 11-12).  Neither exception applies here.

Plaintiff obviously disagrees with Judge Gibson's order requiring him to be removed from the courtroom during his criminal proceedings, and he takes issue with the comments Judge Gibson made to him during those proceedings, but such courtroom management activities constitute judicial actions.  *See Tisdell v. Crow Wing Cty.*, Case No. 13-cv-2531 (PJS/LIB), 2014 WL 1757929, at * 8 (D. Minn. Apr. 30, 2014).  Further, even if Plaintiff believes Judge Gibson's orders were wrongly decided or if he believes that Judge Gibson failed to follow the law in issuing those orders, neither error nor malice deprives judicial officers of immunity.  *See Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) ("[a] judge will not be deprived of immunity because the action he took was in error, done maliciously, or was in excess of his authority . . ..").

Finally, Plaintiff asserts no facts suggesting that Judge Gibson did not have jurisdiction over his criminal proceedings.  *Justice Network, Inc. v. Craighead Cty.*, 931 F.3d 753, 762 (8th Cir. 2019) (cleaned up) (In determining whether a judge acted "in the complete absence of all jurisdiction, the Supreme Court has instructed [federal courts] to construe broadly the scope of the judge's jurisdiction . . . where the issue is the immunity of a judge").  Judicial immunity, therefore, precludes Plaintiff's claim against Judge Gibson.  *See P.G. v. Ramsey County*, 141 F. Supp. 2d 1220, 1231 (D. Minn. 2001) (plaintiff's claims for money damages against state trial court judge for conduct arising from child protection proceedings barred by absolute judicial immunity).

Plaintiff's Claim Three should, therefore, be dismissed without prejudice.

### D.  Right to a Fair Trial (Claim Four)

Plaintiff identifies Judge Gibson, Joseph P. Mazzanti, III, his one-time court-appointed attorney, and Sandra Bradshaw, the prosecutor, as defendants to claim four.  Because Plaintiff has

not established a cognizable § 1983 claim against his former public defender, and Judge Gibson and Sandra Bradshaw are immune from suit, this claim should also be dismissed.

First, it is well established that public defenders do not act under color of state law for the purposes of § 1983 when performing "a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981). Instead, "[a]llegations that a public defender has conspired with judges or other state officials to deprive a prisoner of federally protected rights may state a claim under § 1983." *Manis v. Sterling*, 862 F.2d 679, 681 (8th Cir. 1988) (citing *Tower v. Glover*, 467 U.S. 914, 923 (1984)).

In this case, Plaintiff asserts no facts to suggest that his public defender acted *outside* the traditional function of defense counsel at some point during his criminal proceedings. Further, Plaintiff has failed to assert any facts establishing a plausible conspiracy. To do so, "[a]llegations of conspiracy . . . must be pled with sufficient specificity and factual support to suggest a 'meeting of the minds.'" *Id.* (quoting *Smith v. Bacon*, 699 F.2d 434, 436 (8th Cir. 1983) (per curiam)). In this case, however, Plaintiff has failed to sufficiently plead any facts suggesting that the public defender defendants had reached an agreement with some state actor to deprive him of his federal and constitutional rights.

Second, as described above, Judge Gibson is entitled to judicial immunity. Recall that there are two exceptions to judicial immunity: (1) "a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity"; and (2) "a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Hamilton*, 948 F.3d at 925. While Plaintiff takes issue with the decisions Judge Gibson made in his case—namely, when he scheduled hearings and how he calculated Plaintiff's "speedy trial" date—Plaintiff has not established any facts suggesting that such decisions are "non-judicial"

actions. *Cf. Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012) (holding hearings and ruling on motions are "all acts normally performed by a judge"). Further, Plaintiff does not claim that Judge Gibson acted in the absence of all jurisdiction. Judge Gibson is, therefore, entitled to absolute immunity.

This leaves Plaintiff's claims against Sandra Bradshaw, the prosecutor. But she, too, is entitled to immunity. "If the prosecutor is acting as advocate for the state in a criminal prosecution, then the prosecutor is entitled to absolute immunity." *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996). Absolute immunity "covers prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the state's case at trial, and other conduct that is intimately associated with the judicial process." *Id*. Plaintiff faults Defendant Bradshaw for how she prosecuted his criminal cases, and, as the Court understands it, for her purported failure to pursue revocation of his parole earlier in those proceedings. Such decisions, including what and how to prosecute, are questions of strategy that are clearly covered by prosecutorial immunity.

Accordingly, Plaintiff's Claim Four should, therefore, be dismissed.

### E. False Imprisonment (Claim Five)

The fundamental and fatal problem with Plaintiff's Claim Five, that his detention is unlawful, is that Plaintiff pleaded guilty to his criminal charges and was sentenced to a term of imprisonment of 120 months. According to the favorable termination rule articulated in *Heck*, a § 1983 claim stemming from an allegedly unlawful detention, arrest, or prosecution does not arise until (or unless) the detainee has successfully challenged that detention or prosecution through appeal, habeas, or some other proceeding. *Portley-El v. Brill*, 288 F.3d 1063, 1066 (8th Cir. 2002). Here, Plaintiff asserts no facts suggesting that his convictions have been overturned, invalidated, or deemed unlawful through some other proceeding. Accordingly, Plaintiff's claim challenging

the lawfulness of his detention are *Heck*-barred. Plaintiff's Claim Five should, therefore, be dismissed on that basis.

### F.    Violation of Due Process of Law (Claim Six)

Finally, regarding Claim Six, Plaintiff asserts that the state Circuit Court Clerk, Vickie Stell, did not send him copies of the documents he submitted for filing in state court per his request, and that Jail Administrator Johnny Guy would not permit ACDC employees to make copies of his legal documents. (ECF No. 1, pp. 40-42). Plaintiff asserts violations of his due process rights.

Regarding Ms. Stell, the Circuit Court Clerk, it is well-established that "absolute [judicial] immunity has been extended to acts that are discretionary, taken at the direction of a judge, or taken according to court rules." *Hamilton*, 948 F.3d at 928 (citations omitted). Here, Plaintiff contends that the court clerks initially returned his filings because they did not comply with the court rules. The court clerks are immune from suit for doing so. *Id.* Plaintiff also contends that the court clerks did not send him copies of his filings upon his request. (ECF No. 1, pp. 41). To the extent that the decision not to provide him with copies of his filings was "ministerial" and not "discretionary," the court clerk is not entitled to immunity. *See Geitz v. Overall*, 62 F. App'x 744, 746 (8th Cir. 2003) (concluding that court clerks were not entitled to immunity where plaintiff alleged that the "clerks intentionally failed to file his submissions, to notify him of court orders, and to respond to his inquiries"). Even so, however, Plaintiff has not established a plausible claim that the court clerk violated his constitutional rights.

The Court liberally construes Plaintiff's allegations as an "access-to-the-courts" claim. While Plaintiff claims the allegations give rise to a due process violation, "[a]ccess to the courts is a constitutional right whose basis is unsettled." *Earl v. Fabian*, 556 F.3d 717, 726 (8th Cir. 2009) (citing *Scheeler v. City of St. Cloud*, 402 F.3d 826, 830 (8th Cir. 2005)). In any event, "[t]o prove

a violation of the right of meaningful access to the courts, a prisoner must establish the state has not provided an opportunity to litigate a claim challenging the prisoner's sentence or conditions of confinement in a court of law, which resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim." *Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th Cir. 2008) (citing *White v. Kautzky*, 494 F.3d 677, 680 (8th Cir. 2007)). To prove actual injury, moreover, "a prisoner must demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." *Id.* (quoting *Lewis v. Casey*, 518 U.S. 343, 353 (1996)). Here, Plaintiff does not allege that he suffered any injury from allegedly being denied copies of his own filings. Accordingly, even if the state Circuit Court Clerk is not immune from suit for refusing to provide Plaintiff copies of his own filings, Plaintiff has nevertheless failed to establish that her failure to do so amounts to a plausible constitutional violation.

Similarly, Plaintiff claims that ACDC Jail Administrator Johnny Guy would not allow his employees to sign Plaintiff's inmate account and assets form for him to submit along with his IFP application and would not allow him to make copies of his legal paperwork. (ECF No. 1, p. 42). But again, Plaintiff has not asserted any facts establishing that these actions impeded or frustrated a "nonfrivolous" legal claim. Indeed, Plaintiff has not asserted that he suffered any injury at all.

Accordingly, Claim Six should be dismissed for failure to state a plausible claim for relief.

### IV.   CONCLUSION

Having reviewed Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A, and for the reasons and upon the authorities discussed above, the undersigned RECOMMENDS that:

(1) Plaintiff's individual capacity claim against Defendant Michael Vorhease for the purportedly unlawful stop and search of his person on September 7, 2024 (Claim One), should **PROCEED**;

(2) All other claims asserted in Claim One be **DISMISSED WITHOUT PREJUDICE**;

(3) Plaintiff's individual and official capacity claims against Defendants Michael Vorhease, Tad Huntsman, and Josh Pollack for their alleged unlawful search on December 18, 2024 (Claim Two), should **PROCEED**;

(4) All other claims (Claims Three through Six) be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim for relief; and,

(5) Defendants Sheriff Tommy Sturgeon, Public Defender Joseph P. Mazzanti, III, Circuit Judge Robert B. Gibson, III, Attorney General Tim Griffin, Prosecuting Attorney Sandra Bradshaw, Circuit Court Clerk Vicki Stell, and Jail Administrator Johnny Guy be **TERMINATED** as Defendants to this action.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**STATUS OF REFERRAL:** This case remains referred consistent with the recommendations outlined above.

DATED this 29th day of May 2025.

/s/ *Mark E. Ford*
---
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE