IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION


ALVIN WESLEY KING                                                          PLAINTIFF

v.                                    Civil No. 1:25-cv-01032-MEF

INVESTIGATOR/DEPUTY MICHAEL VORHEASE,
INVESTIGATOR JOSH POLLACK, and
TAD HUNTSMAN
(All of Ashley County Sheriff's Office)                                     DEFENDANTS


## OPINION AND ORDER

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983.  Plaintiff proceeds *pro se* and *in forma pauperis*.  On July 24, 2025, the case was referred to the undersigned to conduct all proceedings in this case after the parties consented to jurisdiction by the Magistrate Judge.  (ECF No. 21).  Currently before the Court is Plaintiff's failure to obey two Court Orders and failure to prosecute this case.

### I.    BACKGROUND

Plaintiff filed his Complaint on April 10, 2025.  (ECF No. 1).  On January 25, 2026, Defendants filed their Motion for Summary Judgment.  (ECF No. 33).  On January 6, 2026, the Court entered an Order directing Plaintiff to submit his Summary Judgment Response by January 27, 2026. (ECF No. 36).  On February 2, 2026, the Court entered an Order extending the deadline, because an address change may have resulted in Plaintiff not receiving the Order.  (ECF No. 38). The Order directing a Response was also sent to the new address. The deadline was extended until February 17, 2026.  (*Id*.).

On February 4, 2026, Plaintiff filed a Motion for Extension of Time to File his Response. (ECF No. 39).  This was granted the next day, and the deadline was extended until February 27, 2026.  (ECF No. 40).  Plaintiff filed a second Motion for Extension of Time on February 13, 2026.

1

(ECF No. 41).  In this Motion, Plaintiff asks for an extension until February 20, 2026.  (*Id.*).  This Motion was denied as moot because Plaintiff had already been granted an extension to February 27, 2026.  (ECF No. 42).

When Plaintiff failed to submit his Summary Judgment Response, the Court entered a Show Cause Order on March 5, 2026, directing Plaintiff to show cause for his failure by March 26, 2026.  (ECF No. 43).  Both the Order directing the Response and the Show Cause Order advised Plaintiff that failure to respond by the deadline would result in the dismissal of his case.  (ECF Nos. 36, 43).  To date, Plaintiff has failed to provide either his Summary Judgment Response or his Show Cause Response.

## II.      LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).  The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. ...  If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court.  Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order."  *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

### III.    ANALYSIS

Plaintiff has failed to comply with two Court Orders.  Plaintiff has, therefore, failed to prosecute this matter.  Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), Plaintiff's Complaint shall be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

### IV.    CONCLUSION

For the reasons discussed above, Plaintiff's Complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED on this 17th day of April 2026.

/s/ *Mark E. Ford*

HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE

3